FRANCIS B. COOLEY *et al.*, Appellants, *v.* ANDREW B. SEARS, and HORATIO G. HOWLETT, Copartners, Appellees.

APPEAL FROM LEE.

A plea to an action of assumpsit upon promissory notes, which avers that the defendants, being copartners, made an assignment of a large amount of their property, for the purpose of paying the notes sued on and other indebtedness, and that their creditors took the control of the property so assigned from the assignee, and placed it in the control of one of the defendants, who thereupon disposed thereof; all without the knowledge or consent of the other defendant, whereby he sustained damage—is a bad plea, presenting an immaterial issue.

A defense for one of several copartners jointly sued in assumpsit, is good for all.

THIS suit was commenced by Cooley, Wadsworth & Co., appellants, against A. B. Sears & Co., appellees, in assumpsit, in the Circuit Court of Lee county, to collect three promissory notes made by Sears and Howlett, which it is alleged were then the property of Wadsworth & Co.

The declaration declared upon the said three promissory notes, with the ordinary common counts; to which defendant, Howlett, replied:

1st. The general issue.

2nd. That after the said notes became due, etc., to wit, on the 2nd day of July, A. D. 1855, Sears and Howlett made an assignment of a large amount of their property to J. L. Adams, to pay their creditors, including the said promissory notes, and that the property so assigned was only sufficient to pay their debts, and leaves to said defendants a large surplus, to wit, eight thousand dollars; that in August, 1855, Cooley, Wadsworth & Co., and other creditors, took and assumed the control of the property out of the hands of the said sssignee, and directed the assignee to surrender and deliver the property assigned to Sears, to dispose of for the use of said creditors, and to pay Sears and Howlett's said debts, and the said assignee, in pursuance thereto, so did; and Sears thereupon took possession and control thereof, and disposed of the same, all which was done without knowledge of Howlett and against his wish, by means whereof, he has suffered damage to the amount of $8,000; all of which he is ready to verify.

Cooley, Wadsworth & Co. filed their demurrer to said plea, which was overruled.

A replication was filed, denying the matters in said plea, and issue was joined thereon.

A trial was had by jury, before EUSTACE, Judge, and a verdict was found for the defendants. The plaintiffs below prayed this appeal.

C. M. HAWLEY, and C. C. BONNEY, for Appellants.

W. W. HEATON, for Appellees.

WALKER, J. It is urged that the second plea filed by defendant Howlett, presented no defense to the action, and that the issue upon it was immaterial. It avers that after the maturity of the notes sued upon, Sears & Howlett made an assignment of a large amount of their property, to one Adams, for the purpose of paying their debts, including these notes, and that the property assigned was sufficient to pay their debts and leave a balance of eight thousand dollars; that subsequently the plaintiffs, and other creditors, took and assumed the control of the property assigned to Adams, and under their direction it was delivered by them to defendant Sears, who disposed of the same, all of which was done without the knowledge of defendant

Howlett, and against his consent, by means whereof he had suffered damage, etc.

Assuming that all of the allegations contained in this plea were fully proved, do they establish a defense to this action ? It seems that the defendants were partners, and as such, were jointly liable for the payment of these notes, were the joint owners of the property before its assignment, and were jointly entitled to any surplus that might remain after the payment of their debts. They had a common interest in its management and application to the payment of their creditors. Being partners, each had, under the law regulating that relation, an equal right for himself and as the agent of his partner to receive the surplus, and to consent to a disposition of the property in any mode, and thereby bind the firm to the action of the assignee. If the transfer of the property was made to defendant Sears, it was done with his assent, and was within the scope of his authority, and was binding upon all of the members of the firm.

Again, the defendants being partners, and jointly liable as such, we are unable to see how this can constitute a defense for Howlett, and not for Sears. If it is a defense for one, it must be for both, and yet it would be preposterous to say that Sears had suffered any damage, or acquired any defense to the notes, by having the property restored to his management and control. If the act of the holders of these notes has damnified Howlett, it has not in any way injured Sears, and the claim for damages has vested alone in Howlett, and how can he recoup such damages against these joint notes ? Even had he a liquidated demand of undoubted validity, against plaintiffs in error, he could not set it off, in this action, which is based upon the joint liability of the defendants in error. To sanction such a bar, even if it had any validity, would be to violate the well established rules of law. It presents no defense and is frivolous, and might have been stricken from the files by the court below, at any stage of the proceedings, or the jury should have been instructed to disregard the evidence admitted under it. This issue was wholly immaterial, and there was no evidence under the general issue warranting the verdict.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*